**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ROBERT McQUEEN** | **CIVIL ACTION** |
| **versus** | **NO. 10-3649** |
| **ROBERT C. TANNER, WARDEN** | **SECTION: "D" (1)** |

## REPORT AND RECOMMENDATION

     This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

     Petitioner, Robert McQueen, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana.  On January 30, 2008, he pleaded guilty to possessing four hundred grams or more of cocaine in violation of Louisiana law.  On that same date, he also pleaded guilty to being a second offender and was sentenced as such to a term of twenty years imprisonment, with the first fifteen years to be served without benefit of probation, parole, or suspension of sentence.[1]

---

   [1] State Rec., Vol. II of IV, transcript of January 30, 2008; State Rec., Vol. II of IV, minute entry dated January 30, 2008.

Also on January 30, 2008, petitioner pleaded guilty under Louisiana law to the separate offense of disguising transactions involving drug proceeds, and he was sentenced to one year in prison for that offense.  It was ordered that his sentence run concurrently with that for his other conviction.[2]

On or about December 31, 2008, petitioner filed with the state district court separate applications for post-conviction relief concerning the two convictions.[3]  Those applications were denied on April 17, 2009.[4]  Petitioner's related writ applications were then denied by the Louisiana First Circuit Court of Appeal on August 31, 2009,[5] and the Louisiana Supreme Court on September 24, 2010.[6]

On October 5, 2010, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, he asserts the following claims:

1.  Petitioner's guilty plea to the offense of disguising transactions involving drug proceeds was unknowingly, unintelligently, and involuntarily entered;

---

[2]  State Rec., Vol. II of IV, transcript of January 30, 2008; State Rec., Vol. III of IV, minute entry dated January 30, 2008.

[3]  State Rec., Vols. II and III of IV.

[4]  State Rec., Vol. II of IV, Order dated April 17, 2009; State Rec., Vol. III of IV, Order dated April 17, 2009.

[5]  State v. McQueen, No. 2009 KW 1010 (La. App. 1st Cir. Aug. 31, 2009) (unpublished); State Rec., Vol. II of IV.

[6]  State *ex rel.* McQueen v. State, 45 So.3d 1068 (La. 2010) (No. 2009-KH-2260); State Rec., Vol. II of IV.

–  2  –

2.       Petitioner received ineffective assistance of counsel in connection with his prosecution for the offense of disguising transactions involving drug proceeds;

3.       Petitioner's guilty plea to the offense of possession of four hundred grams or more of cocaine was obtained in violation of the United States Constitution; and

4.       The state district court erred in refusing to suppress evidence.

The state concedes that the application was timely filed[7] and that petitioner exhausted his state court remedies.[8]

### Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of law, questions of fact, and mixed questions of law and fact. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and pure

---

[7] Rec. Doc. 9, p. 3; Rec. Doc. 9-1, pp. 6-7.

[8] Rec. Doc. 9, p. 3; Rec. Doc. 9-1, pp. 7-8.

questions of fact are reviewed under § 2254(d)(2).  Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning."  Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases.  A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), cert. denied, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways.  First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Courts cases but unreasonably applies it to the facts of the particular state prisoner's case.  Second, a state-court decision also involves an unreasonable application of this Court's

> precedent if the state court either unreasonably extends a legal
> principle from our precedent to a new context where it should not
> apply or unreasonably refuses to extend that principle to a new
> context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000).   The Supreme Court has noted that the focus of this

inquiry "is on whether the state court's application of clearly established federal law is objectively

unreasonable, and we stressed in Williams that an unreasonable application is different from an

incorrect one."   Bell, 535 U.S. at 694.

   As to questions of fact, factual findings are presumed to be correct and a federal court

will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."   28

U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application

for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

determination of a factual issue made by a State court shall be presumed to be correct.  The applicant

shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence.").

Guilty Plea to Disguising Transactions Involving Drug Proceeds

   Petitioner's first claim is that his guilty plea to the offense of disguising transactions

involving drug proceeds was unknowingly, unintelligently, and involuntarily entered.  The transcript

of the plea colloquy proves otherwise.

   That transcript reflects that, in the midst of trial on the possession charge, petitioner

withdrew his prior pleas and pleaded guilty on both charges.  His attorney, Carl Perkins, informed

the court that petitioner wished to plead guilty to the charges pursuant to a plea agreement.  Perkins

– 5 –

stated that under that agreement, petitioner, in exchange for his pleas, would be sentenced to one

year on the offense of disguising transactions involving drug proceeds and that no multiple bill

would be filed with respect to that conviction.   Perkins further stated that the agreement also

provided that petitioner would receive a concurrent twenty year sentence as a multiple offender in

exchange for his additional guilty plea to the charge of possession of four hundred grams or more

of cocaine.[9]

       At that point, petitioner was questioned by the judge.   Petitioner stated that he was

twenty-nine years old, had gone to college, and could read and write the English language.[10]

       The judge also explained the charges against petitioner.   As to the charge of

disguising transactions involving drug proceeds, the judge explained:

> You are ... pleading guilty to violating Revised Statute 40:1041a in
> disguising a transaction involving drug procedures [sic] by
> knowingly and intentionally disguising financial transaction proceeds
> known to be derived from Revised State [sic] 40:966, and follow
> when the transaction is designed to conceal or disguise the nature,
> location, source, ownership, or control of the proceeds known to be
> derived from such violation.[11]

As to the possession charge, the judge explained:

> The law of Louisiana says, that if you have in your possession
> certain substances, one of which is cocaine, that in and of itself is a
> crime.   The law goes on to further say that if you have in your
> possession over 400 grams, it is more serious than just having in your
> possession one crack, rock, one rock of crack or one gram,  and it has

---

[9] State Rec., Vol. II of IV, transcript of January 30, 2008, p. 5.

[10]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 7.

[11]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 15-16.

> different elements, the other element being you have over 400 grams.
> When you have possession of cocaine over four hundred grams, the
> penalty is greater than if you have less than 400 grams.[12]

Petitioner stated that he understood the elements of the offenses.[13]

The judge further informed petitioner of the sentences he faced:  zero to ten years

with or without a fine of not more than $10,000 on the charge of disguising transactions involving

drug proceeds;[14] and fifteen to thirty years imprisonment and a fine of $250,000 - $600,000 on the

possession charge.[15]  Petitioner stated that he understood the ranges of the penalties.[16]

The judge also advised petitioner of his constitutional rights:

> You have the right to hire a lawyer of your choice to represent you.
> If you could not afford to hire one, one would be appointed to
> represent you without charge throughout the entirety of these
> proceedings including appellate proceedings.  You would be entitled
> to a trial in open court with or without a jury.  You could perhaps
> waive your right to a trial by jury if you choose to do so, but you
> could go forward with the trial with a jury.  You are in the process of
> a trial by jury at this time.  You all have indicated to the court by
> your attorneys tendering to the court a plea of guilty, as set forth
> earlier.  The jury is sitting there hanging in the wings in the event you
> all should decide somewhere in the next few minutes to change your
> mind.
>
> At this trial you have the right to confront the witnesses who
> accuse you of having committed the crime or crimes.  You have been
> confronted already by some of the witnesses.  The state would be

---

[12]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 8.

[13]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 10 and 16-17.

[14]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 16.

[15]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 8-13.

[16]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 10, 12-13, and 16-17.

required to prove each and every element of the crime beyond a
reasonable doubt.  You have heard me say this from this bench on
numerous occasions, and I am now again telling you this.  You have
the right to subpoena witnesses to testify on your behalf and you have
the right to invoke the privilege against self-incrimination and remain
silent.  By pleading guilty you are admitting that you have committed
the respective crime or crimes to which you are pleading, because
you have in fact committed it.[17]

Petitioner then stated that he wished to waive his constitutional rights and plead
guilty because he had "in truth and fact" committed the crimes.[18]  He further stated that no one
forced or coerced him into pleading guilty.[19]  He also stated that his attorney explained his rights and
that he was satisfied with the attorney's work.[20]  The attorney, Mr. Perkins, likewise attested that he
advised petitioner of his rights and that petitioner "has the intelligence to make this decision and is
knowingly and willingly making this offer."[21]

Petitioner now challenges his guilty plea to the offense of disguising transactions
involving drug proceeds.  Specifically, he alleges that his plea was "unknowingly, unintelligently,
and involuntarily entered" because (1) the prosecution had insufficient evidence to support the
charge, (2) the judge accepted the guilty plea without an adequate factual basis, and (3) there is no
indication that he understood the charge to which he was pleading.

---

[17]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 14-15.

[18]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 18.

[19]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 18.

[20]  State Rec., Vol. II of IV, transcript of January 30, 2008, p. 19.

[21]  State Rec., Vol. II of IV, transcript of January 30, 2008, pp. 19-20.

In the state post-conviction proceedings, the state district court rejected petitioner's claim,[22] and his related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal[23] and the Louisiana Supreme Court.[24]  Under the AEDPA, this Court must defer to the state court decision rejecting petitioner's claim unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  For the following reasons, the Court finds that neither of those conditions is met in the instant case and that, therefore, this federal court should defer to the state court's ruling.

First, even if the prosecution had insufficient evidence to support the charge, an allegation which petitioner has failed to prove, that is no longer of any moment.  Petitioner, under oath and with the assistance of counsel, *admitted* his guilt by virtue of his plea and testified that he had in fact committed the offense.  That plea relieved the state of its obligation to bring forth any of its evidence and waived any claim challenging the sufficiency of the state's evidence.  Simply put:  "The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2790, 61 L.Ed.2d 560 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea."  Smith v. McCotter, 786 F.2d 697, 702-03 (5th Cir. 1986).  See also Cornett v. Johnson, No. 97-11250, 1998 WL 546513, at *1  (5th Cir.

---

[22]  State Rec., Vol. III of IV, Order dated April 17, 2009.

[23]  State v. McQueen, No. 2009 KW 1010 (La. App. 1st Cir. Aug. 31, 2009) (unpublished); State Rec., Vol. II of IV.

[24]  State *ex rel.* McQueen v. State, 45 So.3d 1068 (La. 2010) (No. 2009-KH-2260); State Rec., Vol. II of IV.

Aug. 12, 1998) ("[Petitioner's] challenge to the sufficiency of the evidence underlying his guilty plea does not rise to the level of a federal constitutional issue."); United States v. Silva, No. 97-10266, 1998 WL 29992, at *1 (5th Cir. Jan. 6, 1998) ("[Petitioner's] sufficiency-of-the-evidence challenge is also waived by his guilty plea.").

Second, as to petitioner's allegation that the judge accepted the guilty plea without an adequate factual basis, the Court notes that "the due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea unless ... the state judge is put on notice that there may be some need for such an inquiry (as, for example, when the accused asserts his innocence)." Banks v. McGougan, 717 F.2d 186, 188 (5th Cir. 1983); see also Orman v. Cain, 228 F.3d 616, 621 & n.11 (5th Cir. 2000); Matthew v. Johnson, 201 F.3d 353, 368 (5th Cir. 2000); Smith v. McCotter, 786 F.2d 697, 702 (5th Cir. 1986); Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir. 1985). As noted previously, far from claiming actual innocence, petitioner readily admitted his guilt during the plea colloquy. Accordingly, the state district court judge was not put on notice of a need for further inquiry and, therefore, a further examination of the factual basis for the plea was not required under the United States Constitution.

Third, as to petitioner's allegation that he did not understand the charge to which was pleading, that allegation fares no better. It is true that the United States Supreme Court has held that a guilty plea is not voluntary in a constitutional sense "unless the defendant received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Henderson v. Morgan, 426 U.S. 637, 645 (1976) (internal quotation marks omitted). However, the Supreme Court noted:

> Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.

Id. at 647. The Supreme Court further noted: "There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume that it does not." Id. at 647 n.18. Additionally, the United States Fifth Circuit Court of Appeals has held:

> The Henderson Court did not purport ... to lay down an absolute requirement that the technical elements of an offense be recited to a defendant. A plea will be upheld if it is shown by the record, or the evidence adduced at an evidentiary hearing, that a defendant understood the charge and its consequences when he pled guilty.

Deville v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994).

In the instant case, it is abundantly clear from the colloquy transcript that petitioner was aware of the nature and elements of the charge of disguising transactions involving drug proceeds. The charge was explained to him by the trial judge and was not difficult to understand, especially for someone with a college education like petitioner. Moreover, he was represented by counsel at all stages of the proceedings, and, as previously noted, it is normally presumed that counsel adequately explain the nature of the charges to their clients. Henderson, 426 U.S. at 647; see also Marshall v. Lonberger, 459 U.S. 422, 436-37 (1983). For these reasons, this Court flatly rejects any suggestion that petitioner, an educated multiple offender represented by counsel, did not understand the nature of the simple charge to which he pleaded guilty.

Accordingly, the Court finds that petitioner has failed to demonstrate that the state court's decision denying his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Therefore, applying the AEDPA's deferential standard, this Court should likewise reject the claim.

Ineffective Assistance of Counsel

Petitioner also claims that he received ineffective assistance of counsel in connection with his prosecution for the offense of disguising transactions involving drug proceeds. In the state post-conviction proceedings, the state district court rejected that claim,[25] and petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal[26] and the Louisiana Supreme Court.[27] Because a claim of ineffective assistance of counsel is a mixed question of law and fact, this Court must defer to the state court decision rejecting petitioner's claims unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). For the following reasons, the Court finds that neither of those conditions is met in the instant case and that, therefore, this federal court should defer to the state court's ruling.

---

[25] State Rec., Vol. III of IV, Order dated April 17, 2009.

[26] State v. McQueen, No. 2009 KW 1010 (La. App. 1st Cir. Aug. 31, 2009) (unpublished); State Rec., Vol. II of IV.

[27] State ex rel. McQueen v. State, 45 So.3d 1068 (La. 2010) (No. 2009-KH-2260); State Rec., Vol. II of IV.

The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 697 (1984).  Petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong.  Strickland, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  See Strickland, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690).  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to satisfy the prejudice prong of an ineffective assistance of counsel claim in a case involving a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995).

In the instant case, the Court finds that, despite petitioner's allegation to the contrary, there is no reasonable probability that he would have insisted on going to trial. Through the plea agreement, petitioner secured substantial benefits. By pleading guilty to both charges in a combined deal, he received lesser sentences on both convictions, including the more severe possession conviction, as well as an agreement from the prosecution to *nolle prosse* two additional charges.[28] Moreover, because the sentencing was concurrent, he is serving no more time than he would have served even if he had pleaded guilty to only the possession charge. Therefore, he received a two-fold benefit from pleading to this charge at, essentially, little or no detriment to himself.[29] In light of that fact, this Court is simply unconvinced that petitioner would have declined the prosecutor's generous offer. Therefore, petitioner has not established that he was prejudiced by his attorneys' performance and, as a result, any allegation of ineffective assistance of counsel necessarily fails.

---

[28] See State Rec., Vol. I of IV, bill of information; State Rec., Vol. I of IV, minute entry dated January 30, 2008; Rec. Doc. 2-1, p. 13.

[29] The Court additionally notes that petitioner's argument is flawed in another respect. He alleges that the state had insufficient evidence to convict him on this charge based on the information in the initial incident report and arrest warrant affidavit. However, that alone means little. Those documents were prepared early in the case and in no way prove that the state did not have, or could not have obtained, additional evidence for trial.

For all of these reasons, the Court finds that petitioner has failed to demonstrate that the state court's decision denying his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, applying the AEDPA's deferential standard, this Court should likewise reject the claim.

Guilty Plea to Possession of Cocaine

Petitioner next claims that his guilty plea to the offense of possession four hundred grams or more of cocaine was obtained in violation of the United States Constitution.  In the state post-conviction proceedings, the state district court rejected petitioner's claim,[30] and his related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal[31] and the Louisiana Supreme Court.[32]  Under the AEDPA, this Court must defer to the state court decision rejecting petitioner's claims unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  For the following reasons, the Court finds that neither of those conditions is met in the instant case and that, therefore, this federal court should defer to the state court's ruling.

---

[30]  State Rec., Vol. II of IV, Order dated April 17, 2009.

[31]  State v. McQueen, No. 2009 KW 1010 (La. App. 1st Cir. Aug. 31, 2009) (unpublished); State Rec., Vol. II of IV.

[32]  State ex rel. McQueen v. State, 45 So.3d 1068 (La. 2010) (No. 2009-KH-2260); State Rec., Vol. II of IV.

First, petitioner claims that the plea agreement was improper under state law because it resulted in an illegally lenient sentence due to the failure to impose a fine.  However, even if the sentence was illegally lenient, which is a contention the state disputes,[33] that in no way rendered his plea involuntary under the federal constitution.  Moreover, petitioner's contention that the state courts erred in finding that the plea agreement was a valid contract under state law is not cognizable in this proceeding.  "'[I]t is not the province of a federal _habeas_ court to reexamine state-court determinations on state-law questions.'"  Trevino v. Johnson, 168 F.3d 173, 184 (5th Cir. 1999) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.  We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law.") (internal citation and quotation marks omitted).  Therefore, even if the state courts in fact misapplied state law, which is an issue this Court need not reach, that alone would be of no moment in this proceeding.  Federal _habeas corpus_ relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice.  28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983).  There simply has been no _federal_ constitutional violation properly alleged or proven with respect to this claim.

Second, petitioner claims that the Louisiana Twenty-Second Judicial District Court for St. Tammany Parish did not have jurisdiction in his case because the offense occurred elsewhere, such as in Houston, Texas, or in St. Martin Parish, and he "never had dominion and control over the

---

[33] See Rec. Doc. 9-2, p. 10.

cocaine in St. Tammany Parish."[34]  In response, the state argues that the issue posed by petitioner actually concerns venue rather than jurisdiction.[35]

However, in Louisiana law, the issues of jurisdiction and venue are intertwined.  The Louisiana Constitution provides that the state district courts have exclusive original jurisdiction over felony cases.  La. Const. art. V, § 16(A)(2).  That said, the state constitution likewise provides that "[e]very person charged with a crime ... is entitled to a speedy, public, and impartial trial *in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law*."  La. Const. art. I, § 16(A) (emphasis added).  Therefore, in Louisiana, "[v]enue is jurisdictional in criminal cases."  State v. Burnett, 768 So.2d 783, 789 (La. App. 2nd Cir. 2000).  Nevertheless, petitioner's claim still fails for the following reasons.

The Louisiana Code of Criminal Procedure provides in pertinent part:

> All trials shall take place in the parish where the offense has been committed, unless the venue is changed.  *If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred.*

La.C.Cr.P. art. 611(A) (emphasis added).  The Official Revision Comments to that article provide in pertinent part:

> The so-called "continuing offenses" are not specifically provided for.  If an offense is continuing in the sense that part of the offense is committed in one parish and another part in another parish, it falls within the scope of this article.  On the other hand, if the offense is continuing wholly within one parish alone there is no venue problem.

---

[34]  Rec. Doc. 2-1, p. 17.

[35]  Rec. Doc. 9-2, pp. 23-24.

> If an offense is continuing in that it goes on in several parishes but is
> a completed offense in each parish, such as possession of the same
> narcotics in several parishes, there is no venue problem, since there
> is a complete offense in each parish.

La.C.Cr.P. art. 611, Comment (d).

Moreover, in the instant case, there is no reasonable basis for this Court to second-

guess the issue of venue.  The bill of information charged that the offense was committed "in the

Parish of St. Tammany ... and within the jurisdiction of the Twenty-Second Judicial District Court

in and for the Parish of St. Tammany, State of Louisiana ...."[36]  By pleading guilty to that charge,

petitioner waived his right to later argue that venue was improper.  Bennett, 768 So.2d at 789-90.[37]

---

[36] State Rec., Vol. I of IV, bill of information.

[37] In Bennett, the defendant, after pleading guilty in the Louisiana First Judicial District Court
for Caddo Parish, argued on appeal that the state district court lacked venue, and therefore
jurisdiction, because the charged offenses occurred in Texas, not Caddo Parish.  The Louisiana
Second Circuit Court of Appeal rejected that argument, explaining:

> La.C.Cr.P. art. 615 provides:
>
> > Improper venue shall be raised in advance of trial by motion to quash,
> > and shall be tried by the judge alone. Venue shall not be considered
> > an essential element to be proven by the state at trial, rather it shall
> > be a jurisdictional matter to be proven by the state by a
> > preponderance of the evidence and decided by the court in advance
> > of trial.
>
> In a guilty plea setting, the plea "waives all defects prior to the plea except
> those jurisdictional defects which appear on the face of the pleadings and
> proceeding." State v. Allen, 263 La. 123, 267 So.2d 544 (1972).  In this case, the
> alleged jurisdictional defect concerning venue does not appear on the face of the bill
> of information or other pleadings, and the crime was not shown to have been
> committed outside Caddo Parish in the testimony at any court proceeding.
> Therefore, under the above quoted articles, if Burnett felt that he was being charged
> for an offense that occurred in Texas, or that the state could not prove the venue of
> the alleged crime, he was required to raise the issue before trial by motion to quash.

Bennett, 768 So.2d at 789-90.

For all of these reasons, the Court finds that petitioner has failed to demonstrate that the state court's decision denying his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, applying the AEDPA's deferential standard, this Court should likewise reject the claim.

### Denial of Suppression Motion

Lastly, petitioner claims that the state district court erred in refusing to suppress evidence. However, petitioner waived his right to challenge that ruling by his unconditional guilty plea. As the United States Supreme Court noted in Tollett v. Henderson, 411 U.S. 258 (1973):

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. at 267.

This Court notes that, in Lefkowitz v. Newsome, 420 U.S. 283 (1975), the United States Supreme Court held that a guilty plea does not represent a "break in the chain of events" so as to constitute a waiver *if* the state's procedures allow a criminal defendant who pleads guilty to retain his right to seek appellate review of pretrial rulings. In Lefkowitz, which involved a New York conviction, the Supreme Court noted that New York had such a procedure:

> New York, however, has chosen not to treat a guilty plea as such a 'break in the chain of events' with regard to certain types of constitutional claims raised in pretrial proceedings. For a New York defendant whose basic defense consists of one of those constitutional claims and who has already lost a pretrial motion to suppress based on that claim, there is no practical difference in terms of appellate

> review between going to trial and pleading guilty.  In neither event
> does the State assert any claim of finality because of the judgment of
> conviction.  In either event under New York procedure the defendant
> has available a full range of state appellate review of his
> constitutional claims.  As to those claims, therefore, there is no
> 'break' at all in the usual state procedure for adjudicating
> constitutional issues.  The guilty plea operates simply as a procedure
> by which the constitutional issues can be litigated without the
> necessity of going through the time and effort of conducting a trial,
> the result of which is foreordained if the constitutional claim is
> invalid.  The plea is entered with the clear expectation by the State,
> the defendant, and the courts that it will not foreclose judicial review
> of the merits of the alleged constitutional violation.

Id. at 289-90.  Accordingly, the Supreme Court held:  "[W]hen state law permits a defendant to

plead guilty without forfeiting the right to judicial review of specified constitutional issues, the

defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus

proceeding."  Id. at 293.

Louisiana does in fact have such a procedure which allows a defendant who pleads

guilty to reserve his right to challenge certain pretrial rulings on appeal.  Pursuant to State v. Crosby,

338 So.2d 584 (La. 1976), a Louisiana defendant is allowed appellate review of pretrial rulings if

he properly reserves those rights at the time and at the entry of the guilty plea and if his plea is

conditioned on that the reservation of those rights.  However, under Crosby, a defendant must

expressly reserve his rights.  The Louisiana Supreme Court noted:  "[A] defendant will ... waive his

right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of the plea, he

expressly stipulates that he does not waive his right to review of it, the normal consequence of a

guilty plea."  Id. at 591.

In the instant case, petitioner did not enter a Crosby plea.  Accordingly, the Lefkowitz

rule is inapplicable in this case, and petitioner's unconditional guilty plea waived review of all

nonjurisdictional defects in his state criminal proceedings, including any rulings on motions to suppress evidence.

Moreover, to the extent that petitioner is perhaps contending that his plea was involuntary because he felt forced to plead guilty after the adverse ruling, that contention is unavailing. Instead of pleading guilty, he could simply have continued with the trial and appealed the adverse ruling if convicted. Further, if that ruling had truly been a factor in the decision to enter a plea, he could have entered a <u>Crosby</u> plea. The fact that he did not is an indication that the ruling was not a motivating factor.

A more reasonable and obvious explanation for petitioner's plea is that the plea agreement allowed him to secure beneficial concessions from the state as previously explained. It is clear that a guilty plea is not invalid solely because the decision to plead guilty was "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged." <u>Brady v. United States</u>, 397 U.S. 742, 751 (1970). As the United States Supreme Court has noted:

> The plea bargaining process necessarily exerts pressure on defendants to plead guilty and to abandon a series of fundamental rights, but we have repeatedly held that the government may encourage a guilty plea by offering substantial benefits in return for the plea. While confronting a defendant with the risk of more severe punishment clearly may have a discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices is an inevitable – and permissible – attribute of any legitimate system which tolerates and encourages the negotiation of pleas.

<u>United States v. Mezzanatto</u>, 513 U.S. 196, 209-10 (1995) (quotation marks, brackets, and citations omitted).  That petitioner was not particularly enamored of the limited choices available to him in this case is of no moment, and it in no way rendered his choice illusory or his plea coerced.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[38]

New Orleans, Louisiana, this third day of February, 2011.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[38] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.